IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-16-1H

UNITED STATES OF AMERICA   )
              )
              )
  v.           )    **ORDER**
              )
              )
ANTHONY DEPREE SMITH,   )
  Defendant.       )

This matter is before the court on the following motions filed by Defendant
Anthony Depree Smith (Smith) on April 24, 2018:

    1.  Motion for Production of Rule 404(b) Evidence [DE #21];

    2.  Motion for Favorable Evidence (Brady Motion) [DE #22];

    3.  Motion for Disclosure of Witness Statements (Jencks Act
Motion) [DE #23];

    4.  Motion for Order to Preserve Rough Notes & Disclosure for
Inspection and Copying [DE #24];

    5.  Motion for Production of Law Enforcement Interview
Reports on Notes with Individuals Who Will Not Be Witnesses at Trial
[DE #25];

    6.  Motion for Statements of Indicted and Unindicted Co-
Conspirators [DE #26];

    7.  Motion to Compel Early Production of Grand Jury
Testimony [DE #27];

    8.  Motion to Compel Immediate Disclosure or Existence of
Promise of Immunity, Leniency or Preferential Treatment & for
Disclosure of Impeaching Information [DE #28]; and

9. Motion for Release of Perjured Information to Grand Jury [DE #29].

The Government has responded to Defendant's motions, and the time for further filings has expired. The motions were referred to the undersigned for decision by Senior United States District Judge Malcolm J. Howard.

## BACKGROUND

On January 31, 2018, Smith was named in a one-count indictment charging him with conspiracy to possess with intent to distribute two hundred eighty (280) grams or more of a mixture and substance containing cocaine base (crack), in violation of 21 U.S.C. §§ 841 and 846. The Government has also alleged, pursuant to 21 U.S.C. § 802(44), that Smith has previously been convicted of a felony drug offense. Arraignment is scheduled for the court's July 2018 criminal term of court.

## DISCUSSION

### I. Discovery Motions [DE ##21, 22, 23, 24, 25, 26, & 28]

A number of the motions filed by Smith seek to compel discovery from the Government. Prior to filing such a motion, counsel is required, pursuant to this court's Local Criminal Rules, to make a request for discovery and to confer with opposing counsel in good faith to resolve any discovery disputes. *See* Local Crim. R. 16.1 (E.D.N.C Dec. 2017). A motion seeking discovery must state "that a request for discovery and inspection was made and denied" and certify that counsel "have conferred and made a good faith effort to resolve discovery disputes prior to the filing of any discovery motion[]." *Id.*; *see also* Local Crim. R. 12.2 (requiring a "statement that agreement could not be reached concerning the discovery or inspection that is

the subject of the motion and the reasons given for the same"). Smith's discovery motions do not demonstrate that counsel has complied with this court's Local Criminal Rules and are, therefore, subject to dismissal on that ground.

Moreover, the court determines that all of Smith's motions seeking to compel discovery should be denied at this time. In its response to Smith's motion, the Government states that it is aware of its obligations to provide discovery to Smith, including its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and the Jencks Act, 18 U.S.C. § 3500. The court credits the Government's assertion that it will comply with *Brady*, *Giglio*, and the Jencks Act. Accordingly, the court DENIES Smith's discovery motions.

## II.    Preservation of Rough Notes [DE #24]

Smith also requests that the court order the Government to preserve any rough notes of its agents pertaining to the instant case, as well as any rough notes of the Government's prosecutors taken during witness interviews. The Government opposes the motion, stating that is aware of and will comply with its obligations to disclose such notes under *Brady*, *Giglio*, and the Jencks Act.

The Jencks Act does not generally require the production of rough notes of law enforcement agents where the notes are later incorporated into a formal statement or report. *United States v. Hinton*, 719 F.2d 711, 722 (4th Cir. 1983). However, an agent's notes may be subject to production as a "statement" under the Jencks Act if a witness reads and adopts the notes. *United States v. Roseboro*, 87 F.3d 642, 645 (4th Cir. 1996). In that event, production would be required after the witness testified. 18

U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a). Moreover, a prosecutor's opinions and mental impressions of the case are generally not discoverable unless they contain underlying exculpatory facts. *Morris v. Ylst*, 447 F.3d 735, 742 (9th Cir. 2006); *see also Williamson v. Moore*, 221 F.3d 1177, 1182 (11th Cir. 2000) ("[C]ompelling reasons exist against a rule that requires opinion work product to be turned over to the opposing side."). Thus, to the extent Smith seeks pretrial disclosure of the agents' and prosecutors' notes, that motion is DENIED.

Nevertheless, a need for such notes could arise at trial. *See United States v. Gordon*, No. 7:14-CR-41-1FL, 2014 WL 5489364, at *2-3 (E.D.N.C. Oct. 30, 2014); *see also United States v. King*, 121 F.R.D. 277, 279 (E.D.N.C. 1988) (noting preservation warranted because notes may contain exculpatory or impeachment evidence the disclosure of which is required). Accordingly, Smith's motion to preserve rough notes of government agents and prosecutors is GRANTED. The Government is ORDERED to retain the rough notes of its agents and prosecutors concerning this matter until after the exhaustion of all appeal rights.

## IV.     Grand Jury Testimony [DE ##27 & 29]

Lastly, Smith asks for early production of grand jury material, including any perjured testimony presented to the grand jury. The Government opposes Smith's motion on the grounds that pretrial disclosure of grand jury testimony is not required and that the Government is not aware of any perjured testimony presented to the grand jury. The court again credits the Government's assertion that it is aware of its

discovery obligations and will comply therewith. Accordingly, Smith's motions for early production of grand jury material is DENIED.

**CONCLUSION**

For the foregoing reasons, the court enters the following orders:

      1.     Defendant's Motion for Production of Rule 404(b) Evidence [DE #21] is DENIED;

      2.     Defendant's Motion for Favorable Evidence (Brady Motion) [DE #22] is DENIED;

      3.     Defendant's Motion for Disclosure of Witness Statements (Jencks Act Motion) [DE #23] is DENIED;

      4.     Defendant's Motion for Order to Preserve Rough Notes & Disclosure for Inspection and Copying [DE #24] is GRANTED in part and DENIED in part on the terms set forth above;

      5.     Defendant's Motion for Production of Law Enforcement Interview Reports on Notes with Individuals Who Will Not Be Witnesses at Trial [DE #25] is DENIED;

      6.     Defendant's Motion for Statements of Indicted and Unindicted Co-Conspirators [DE #26] is DENIED;

      7.     Defendant's Motion to Compel Early Production of Grand Jury Testimony [DE #27] is DENIED;

      8.     Defendant's Motion to Compel Immediate Disclosure or Existence of Promise of Immunity, Leniency or Preferential Treatment & for Disclosure of Impeaching Information [DE #28] is DENIED; and

      9.     Defendant's Motion for Release of Perjured Information to Grand Jury [DE #29]] is DENIED.

This 19th day of June 2018.

_Kimberly A. Swank_
KIMBERLY A. SWANK
United States Magistrate Judge